Francisco **MONTANO**, Petitioner,

v.

Jay **SHELTON**, et al., **Respondents.**

No. 93–3523–DES.

United States District Court,
D. Kansas.

March 25, 1997.

Francisco Montano, Eldorado Correctional Facility, El Dorado, KS, pro se.

Kevin C. Fletcher, Office of Atty. Gen., Kansas Judicial Center, Topeka, KS, Jean M. Schmidt, Office of Dist. Atty., Douglas County, Lawrence, KS, for Respondents.

## MEMORANDUM AND ORDER

SAFFELS, Senior District Judge.

This matter is before the court on a petition for writ of habeas corpus, 28 U.S.C. § 2254, filed by an inmate in the custody of the State of Kansas. Petitioner alleges constitutional error in his state court conviction, and seeks his immediate release.

Petitioner raises seven grounds in his original petition, which reduce to the following six claims. First, petitioner claims the trial court erred in requiring petitioner to be cross examined in English when petitioner's primary language is Spanish (Ground I). Second, petitioner claims evidence obtained in the warrantless search of his home and in his statement to the police was based upon unlawful waivers of his rights (Ground II). Third, petitioner claims prosecutorial misconduct during the State's closing argument denied petitioner a fair trial (Ground III). Fourth, petitioner alleges error in the trial court failing to instruct the jury on voluntary intoxication (Ground IV). Fifth; petitioner alleges error in the State's late endorsement of additional witnesses (Grounds V and VII). Finally, petitioner alleges the trial court improperly limited the testimony of a state witness (Ground VI). The record reveals that petitioner raised grounds I through IV in his unsuccessful direct appeal to the state appellate courts.[1]

■ By previous order, the Court noted respondents' claim that petitioner had not exhausted state court remedies on Grounds V, VI, and VII. The court further noted petitioner's response that petitioner was prepared to proceed only upon those issues petitioner raised in his state appeal, and directed petitioner to show cause why petitioner's response should not be considered as petitioner's waiver of federal habeas corpus review of these three grounds. Petitioner filed no response to the show cause order, and the court thereby finds petitioner has waived these three grounds.

The court examines petitioner's remaining issues in light of the Answer and Return as supplemented and amended by respondents.[2]

Petitioner was arrested. for shooting an acquaintance during a confrontation outside a tavern. Petitioner was convicted by a jury of attempted second degree murder and of carrying a concealed weapon. He is currently serving a sentence of five to twenty years for the attempted murder, and must serve a

---

1. *State v. Montano*, 18 Kan.App.2d 502, 855 P.2d 979, rev. denied, 253 Kan. 862 (1993).

2. Before the court is petitioner's motion for judgment and release (Doc. 33), in which petitioner seeks relief based upon respondents' alleged failure to file their answer and return in a timely manner. The court has examined its Order dated April 9, 1996, and finds no factual basis to petitioner's claim.

In that Order, the court granted respondents to and including April 19, 1996, to supplement the Answer and Return to provide copies of petitioner's appellate court briefs. Respondents filed the supplementary material on April 18, 1996.

Albeit with inadvertent error in setting a due date that was inconsistent with the date cited within the Order, the court also granted respondents to and including May 10, 1996, to amend the Answer and Return to address the merits of Grounds I—IV in petitioner's application. Respondents filed their amended Answer and Return on May 1, 1996.

The court further granted petitioner ten days thereafter to file a traverse to the amended Answer and Return. Petitioner filed no response other than to seek default judgment.

Petitioner's motion for judgment and release (Doc. 33) is denied. Petitioner's motion to compel a decision in this matter (Doc. 34) is rendered moot by the order entered herein.

consecutive six month sentence on the weapons charge.

█ A federal court is to entertain a petition for writ of habeas corpus filed by a person in state custody only on the grounds that the petitioner's confinement violates the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254. General improprieties in the a state court proceeding are cognizable only if they result in a fundamentally unfair trial, and thereby violate a state prisoner's right to due process under the Fourteenth Amendment. *See e.g., Hopkinson v. Shillinger,* 866 F.2d 1185, 1197 (10th Cir.1989) (habeas corpus relief on state court evidentiary ruling requires showing that trial was rendered "so fundamentally unfair as to constitute a denial of federal constitutional rights"). Habeas corpus relief for constitutional errors is available only when the error "had substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson,* 507 U.S. 619, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993).

█ Petitioner was born and raised in Cuba, but had been in the United States eleven years prior to his arrest and conviction. The state district court held a pre-trial hearing on petitioner's motion for appointment of an interpreter pursuant to a state statute,[3] and found Spanish was petitioner's primary language, but that petitioner was able to speak and understand English. The court appointed an interpreter to assist petitioner and his counsel in the preparation for and during trial. Defense counsel's direct examination of petitioner was conducted in Spanish with the assistance of the interpreter. During cross examination, the trial court allowed the prosecutor to examine petitioner in English, with the interpreter present and available to assist upon the request of either party or the trial court.

█ Matters regarding the use of an interpreter are left to the discretion of the trial court. *U.S. v. Rosa,* 946 F.2d 505, 508 (7th Cir.1991). Habeas corpus relief is available only if the petitioner can demonstrate the trial court's action denied petitioner a fundamentally fair trial. *U.S. v. Sanchez,*

928 F.2d 1450, 1455 (6th Cir.1991). No such showing is demonstrated in the present case where the trial evidence and petitioner's cross examination testimony fully demonstrated petitioner's working understanding and use of the English language, and where petitioner fails to identify how the outcome of his trial would have been altered if his cross-examination had not been conducted in English with an interpreter available for assistance.

█ Petitioner next claims that due to his limited language skills he was unable to understand either the consent to search form he signed, or the *Miranda* warnings issued prior to his statements at the police department.

The first search of petitioner's home was without a warrant and was based upon petitioner's consent. In that search, incriminating evidence was obtained, but no weapon was found. The weapon was found in a later search pursuant to a warrant. In his statement to the police after *Miranda* warnings were given, petitioner denied any involvement in the shooting. At trial, petitioner admitted to shooting the victim, but claimed the shooting was in self defense.

█ In a federal habeas corpus proceeding, the factual findings of state court are presumed correct, and may be set aside only if not fairly supported by the record. *Purkett v. Elem,* 514 U.S. 765, 115 S.Ct. 1769, 131 L.Ed.2d 834 (1995); 28 U.S.C. § 2254(d). Here, the state court's factual determination that petitioner sufficiently understood the *Miranda* warnings and consent form is supported by the record. *U.S. v. Hernandez,* 913 F.2d 1506 (10th Cir.1990) (citing *Miller v. Fenton,* 474 U.S. 104, 106 S.Ct. 445, 88 L.Ed.2d 405 (1985)), cert. denied, 479 U.S. 989, 107 S.Ct. 585, 93 L.Ed.2d 587 (1991). Moreover, given petitioner's admission to shooting the victim, the court is unable to determine how the challenged evidence would invoke any "substantial and injurious influence" on the jury's assessment of petitioner's claim that the shooting was in self defense.

---

3. K.S.A. 75–4351.

Petitioner next contends the prosecutor improperly commented on whether a witness had testified truthfully, and misdirected the jury to be concerned about the consequences of the verdict on the community. The state appellate courts found error in the first remark, but not enough error to prejudice the jury. Consideration of the second comment is barred by petitioner's procedural default, as petitioner failed to make a contemporaneous objection and the state appellate courts refused to consider a claim raised for the first time on appeal. Even so, the court finds the prosecutor's comments, standing alone or together, were not so flagrant as to deny petitioner a fundamentally fair trial. *See Nieto v. Sullivan,* 879 F.2d 743, 748 (10th Cir.), *cert. denied,* 493 U.S. 957, 110 S.Ct. 373, 107 L.Ed.2d 359 (1989)(due process analysis in habeas case focuses on the fairness of the trial, not the culpability of the prosecutor).

Petitioner last claims the jury should have been given a jury instruction on voluntary intoxication. In the transcript of the hearing on petitioner's motion for a new trial, the state trial judge acknowledged that defense counsel requested a voluntary intoxication instruction and that the court drafted such an instruction, but that the evidence later introduced at trial rendered the instruction improper as a matter of law.

Generally, matters concerning the giving of jury instructions are considered questions of state law and are not proper subjects of federal habeas corpus review under 28 U.S.C. § 2254. *Henderson v. Kibbe,* 431 U.S. 145, 97 S.Ct. 1730, 52 L.Ed.2d 203 (1977). A due process claim arises only if the jury instruction is so prejudicial as to constitute a denial of fundamental fairness and due process. *Id.* If the correctness of an instruction is challenged only under state law, then the claim is not cognizable under 28 U.S.C. § 2254. *Engle v. Isaac,* 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982). The court's review of the record finds no claim of constitutional error is presented.

Finally, the court notes that petitioner filed his petition for writ of habeas corpus prior to the enactment of the Antiterrorism and Effective Death Penalty Act which amended and recodified the standards of habeas corpus review under 28 U.S.C. § 2254(d). *See Houchin v. Zavaras,* 107 F.3d 1465 (10th Cir.1997)(new standard of review imposes burden on petitioner to rebut with clear and convincing evidence the presumption of correctness afforded a state court's factual determination, and sets forth the deference to be afforded a state's legal determination). The court need not and does not decide whether the amended standards of review apply to the present matter, as the claims raised for habeas corpus review would not be successful under either standard.

IT IS THEREFORE ORDERED that the petition for writ of habeas corpus is denied.